# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Nicholas Linsey, | Case No.: 2:18-cv-00902-JAD-VCF |
| Plaintiff | |
| v. | |
| | **Order Granting Motion to Reconsider** |
| James Dzurenda, et al., | |
| | [ECF No. 5] |
| Defendants | |

Plaintiff Nicholas Linsey brought this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth Amendment rights and state law rights were violated at High Desert State Prison (HDSP). Because Linsey applied to proceed *in forma pauperis*,[1] I screened his complaint under 28 U.S.C. § 1915A, found that Linsey pled colorable claims for Eighth Amendment deliberate indifference to serious medical needs and state-law negligence against unidentified doe defendants, and ordered the Nevada Attorney General's Office to take certain action to identify those doe defendants. The Nevada Attorney General moves for reconsideration of that order, correctly pointing out that the proper mechanism for obtaining such pre-service discovery is through Federal Rule of Civil Procedure 45.[2] Linsey's deadline to oppose to the reconsideration motion passed months ago with no response. Because I find that Rule 45 provides the vehicle for obtaining the information that Linsey will need to pursue his claims, I grant the motion for reconsideration.

---

[1] ECF No. 1.
[2] ECF No. 5.

**Discussion**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction.[3] A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[4] Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[5] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[6] And a motion for reconsideration may not be based on arguments or evidence that could have been raised previously.[7]

The AG's office has demonstrated that reconsideration is appropriate here. Because the court issued the ruling that the AG's office seeks relief from in its screening order, the AG's office was not afforded a prior opportunity to raise its concerns. With the additional argument that the AG's office offers—and which Linsey does not oppose—I conclude that the more legally appropriate course of action is to grant reconsideration, dismiss Linsey's complaint with leave to amend, and direct Linsey to (1) utilize the procedures in the prison regulations to review his medical file in search of the identities of the doe defendants; and (2) if he still lacks their

---

[3] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); LR 59-1.

[4] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[5] *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[6] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[7] *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

names after that medical-file review, file a properly supported and complete[8] motion for the Court to issue a Rule 45 subpoena duces tecum.

IT IS THEREFORE ORDERED that the Attorney General's Motion for Reconsideration **[ECF No. 5] is GRANTED.** The portions of the Screening Order [ECF No. 3]:

- Allowing Linsey's case to proceed against John/Jane Does when Linsey learns their identities; and
- Directing the Attorney General's office to enter a limited notice of appearance on behalf of the Doe Defendants and file a notice identifying the doe defendants

**are VACATED**;

Instead, IT IS HEREBY ORDERED that **Linsey's complaint is DISMISSED in its entirety with leave to amend by April 1, 2020.** This means that Linsey must learn the identities of the doe defendants <u>and</u> file a properly supported motion for leave to amend (to which he must attach the proposed amended complaint that replaces the "doe" placeholders with the true names of any defendant) by April 1, 2020. To learn those names, Linsey must (1) utilize the procedures in the prison regulations to review his medical file in search of the identities of the doe defendants; and (2) if he still lacks their names after that medical-file review, file a properly supported and complete motion for the Court to issue a Rule 45 subpoena duces tecum. **If Linsey fails to file a proper motion to amend by April 1, 2020, this case will be dismissed with prejudice and closed without further prior notice.**

---

[8] If Linsey takes this route, he must attach a copy of his proposed Rule 45 subpoena(s) to his motion, and that motion must clearly identify the documents that would have the information Linsey is seeking and also explain why the documents and information would be available from the company, entity, or person that is the target of the subpoena. Linsey is directed to carefully review Rule 45 of the Federal Rules of Civil Procedure before filing such a motion.

Linsey is advised that an amended complaint supersedes the original complaint, so the amended complaint must be complete in itself. Linsey's amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. He must file the amended complaint on this court's approved prisoner civil-rights form, write the words "First Amended" above the words "Civil Rights Complaint" in the caption, and follow the instructions on the form. In each count, he must allege true facts sufficient to show what each defendant did to violate his civil rights.

The Clerk of Court is directed to **SEND** Linsey (1) a copy of this order; (2) Form AO 88B (Subpoena to Produce Documents, Information, or Objects); (3) a copy of the screening order [ECF No. 3]; (4) a copy of the complaint [ECF No. 4]; and (5) the form Civil Rights Complaint for an Inmate and instructions for the same.

Dated: December 26, 2019

_____
U.S. District Judge Jennifer Dorsey