**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Nicholas Linsey,

    Plaintiff

v.

James Dzurenda, et al.,

    Defendants

Case No.: 2:18-cv-00902-JAD-VCF

**Order Dismissing Action**

    Plaintiff Nicholas Linsey brings this civil-rights case under § 1983 for events he alleges occurred during his incarceration at High Desert State Prison.[1] On December 26, 2019, I ordered Linsey to file a motion for leave to amend and to attach a proposed first-amended complaint by April 1, 2020.[2] I expressly warned him that his failure to timely comply with the order would result in the dismissal of this case.[3] The deadline has passed, and Linsey has not filed a motion for leave to amend and has not submitted a proposed first-amended complaint.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[5] In determining whether to

---

[1] ECF No. 4 (complaint).

[2] ECF No. 6 (order).

[3] *Id.*

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[8] Linsey was warned that his case would be dismissed with prejudice if he failed to file a proper motion to amend by April 1, 2020.[9] So, Linsey had adequate warning that his failure to file a proper motion to amend and proposed first-amended complaint by the deadline would result in this case's dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** with prejudice based on Linsey's failure to file a motion for leave to amend and submit a proposed first-amended complaint in compliance with this court's December 26, 2019, order; and

---

1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[9] ECF No. 6 (order).

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: April 8, 2020.

                                                _____
                                                U.S. District Judge Jennifer A. Dorsey